UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIRAM BOLDEN,

                Plaintiff,

        -against-

PRIMECARE, SULLIVAN COUNTY JAIL;
DANIEL WHITMORE, SULLIVAN COUNTY
PRIMECARE STAFF,

                Defendants.

24-CV-7232 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is held at Sullivan County Jail, brings this action, *pro se*, alleging that Defendants violated his rights with respect to their handling of Plaintiff's confidential medical information. By order dated October 30, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff states that the events giving rise to his claims occurred at Sullivan County Jail. He alleges that Defendants "violated the Hippa [sic] law and patient confidentiality clause [when] it was said over a recorded line in which [I] filed a [New York Freedom of Information Law] request and grievances on the matter." (ECF 1, at 1.) Plaintiff further alleges that, on July

29, 2024, he "filed a claim against said defendants with [A]lbany and it was dismissed [d]ue to [l]ack of [j]urisdiction." (*Id.*)

Plaintiff seeks $500,000 and a "hand written apology." (*Id.* at 2.)

## DISCUSSION

### A.    Claims under HIPAA

Plaintiff invokes the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. The Court of Appeals for the Second Circuit has explained, however, that "the statute does not expressly create a private cause of action for individuals to enforce this prohibition. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (citing § 1320d-5(a)(1). Because "HIPAA confers no private cause of action, express or implied," *id.*, this federal statute does not provide a viable basis for Plaintiff's claims for relief based on his allegations that Defendants violated the confidentiality of his medical information. The Court therefore dismisses Plaintiff's HIPAA claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Claim under 42 U.S.C. § 1983

Because Plaintiff names as defendants medical staff at Sullivan County Jail that may be considered state actors, the Court construes the complaint as also attempting to assert a claim under 42 U.S.C. § 1983 that Defendants violated Plaintiff's right to due process under the Fourteenth Amendment.[2] The Due Process Clause protects a "right to privacy [that] can be

---

[2] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

characterized as a right to 'confidentiality,'" which "includes the right to protection regarding information about the state of one's health." *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994); *see also Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 66-67 (2d Cir. 2018) ("[S]ubstantive due process categorically protects privacy in certain types of personal information[, including] medical information."); *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) ("[T]he right to confidentiality includes the right to protection regarding information about the state of one's health.").

Incarcerated people "retain[ ] those [constitutional] rights that are not inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system." *Powell*, 175 F.3d at 112 (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "[A] prisoner's interest in keeping a medical condition private varies with the condition." *Rodriguez v. Ames*, 287 F. Supp. 2d 213, 220 (W.D.N.Y. 2003) (citing *Powell*, 175 F.3d at 111). A plaintiff has a stronger interest in the confidentiality of conditions that are "excruciatingly private and intimate [in] nature." *Powell*, 175 F.3d at 111 (holding a right to privacy exists with respect to transsexualism); *see Doe*, 15 F.3d at 266-67 (holding a right to privacy exists with respect to HIV status); *see also Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 69 (2d Cir. 2011) (holding, outside the prison context, that revealing a condition like fibromyalgia was not likely to "expose a person . . . to discrimination and intolerance").

Correction officials can permissibly impinge on the right of confidentiality in medical information of prisoners "only to the extent that their actions are 'reasonably related to legitimate penological interests.'" *Powell*, 175 F.3d at 112 (quoting *Turner v. Safley*, 482 U.S. 78, 89

---

U.S. 42, 48-49 (1988). The Court assumes, for the purposes of this order, that PrimeCare is a state actor for purposes of Section 1983.

(1987)). Thus, for example, "the gratuitous disclosure of an inmate's confidential medical information as humor or gossip . . . is *not* reasonably related to a legitimate penological interest." *Id.* (emphasis original). By contrast, disclosure of medical information did not violate a prisoner's right to privacy where it "was reasonably related to the legitimate penological interest of adjudicating [a] grievance." *Alsaifullah v. Furco*, No. 12-CV-2907 (ER), 2013 WL 3972514, at *8 (S.D.N.Y. Aug. 2, 2013); *see also Webb v. Goldstein*, 117 F. Supp. 2d 289, 298-99 (E.D.N.Y. 2000) (prison officials' disclosure of a prisoner's medical information to law enforcement for purposes of an ongoing investigation did not give rise to liability).

Courts apply the above-referenced framework to both convicted prisoners and pretrial detainees like Plaintiff. *See, e.g.*, *Williams v. Cnty. of Onondaga*, No. 5:22-CV-1367, 2023 WL 2563181, at *14 (N.D.N.Y. Feb. 21, 2023) (applying *Powell* framework to pretrial detainee), *report and recommendation adopted*, 2023 WL 2563210 (N.D.N.Y. Mar. 16, 2023); *Flores v. City of New York*, No. 21-CV-1680 (PGG) (KHP), 2022 WL 4705949, at *22 (S.D.N.Y. Aug. 8, 2022) (same), *report and recommendation adopted*, 2022 WL 4592892 (S.D.N.Y. Sept. 30, 2022); *Swinson v. City of New York*, No. 19-CV-11919 (KPF), 2022 WL 142407, at *7 (S.D.N.Y. Jan. 14, 2022) (same).

Plaintiff's complaint does not include any facts about the nature of the medical information that he wished to keep confidential, and the strength of his privacy interest is therefore unclear. Moreover, because Plaintiff does not plead any facts about the circumstances giving rise to his claims, it is unclear that any defendant actually disclosed his confidential information, or, if Plaintiff's information was disclosed, whether the defendant had a legitimate purpose for disclosing such information. The Court therefore dismisses Plaintiff's Section 1983

claims arising from Defendants' alleged treatment of his confidential medical information for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff may be able to allege additional facts to state a viable due process claim, the Court grants him 30 days' leave to replead his claims in an amended complaint.

## C.    State law claims

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid due process claim under Section 1983, the Court grants Plaintiff 30 days' leave to amend his complaint to allege additional facts.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    December 2, 2024
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No
(check one)

___ Civ. _____ (    )

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
                    ID#_____
                    Current Institution_____
                    Address_____
                    _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____ Shield #_____
                            Where Currently Employed _____
                            Address _____
                            _____

Defendant  No. 2    Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3    Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block;">**Who did
what?**</div>

Defendant  No. 4    Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5    Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

<div style="border:1px solid black; display:inline-block;">**What
happened
to you?**</div>

_____

_____

_____

*Rev. 01/2010*                                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____    No _____    Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____    No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
        _____

        _____

        2.      What was the result, if any?
        _____

        _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*                                    5

_____
_____
_____

**VI.    Previous lawsuits:**

<table>
<tr><td>
**On these claims**
</td></tr>
</table>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

      Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

      1.      Parties to the previous lawsuit:

      Plaintiff _____
      Defendants _____

      2. Court (if federal court, name the district; if state court, name the county) _____
      _____

_____  3.      Docket or Index number _____

_____  4.      Name of Judge assigned to your case_____

      5.      Approximate date of filing lawsuit _____

      6.      Is the case still pending?  Yes _____  No _____

              If NO, give the approximate date of disposition_____

      7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
              _____
              _____

<table>
<tr><td>
**On other claims**
</td></tr>
</table>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

      Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

      1.      Parties to the previous lawsuit:

      Plaintiff _____
      Defendants _____

      2.      Court (if federal court, name the district; if state court, name the county) _____
      _____

_____  3.      Docket or Index number _____

_____  4.      Name of Judge assigned to your case_____

      5.      Approximate date of filing lawsuit _____

*Rev. 01/2010*                                6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Inmate Number       _____

Institution Address     _____

_____

_____

_____


Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____